IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. COSBY, | : | |
| Petitioner, | : | |
| vs. | : | CA 16-00070-KD-C |
| STATE OF ALABAMA, et al., | : | |
| Respondents. | | |

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis,* filed a self-styled petition for writ for order to show cause in this Court on February 22, 2016, putatively invoking this Court's jurisdiction in accordance with 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. §§ 1651 and 1652. Plaintiff's motion to proceed without prepayment of fees has been referred to the undersigned for appropriate relief in accordance with 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72(a)(2)(R) & (S). In reviewing the motion (Doc. 2), the Court is required to screen Crosby's action pursuant to 28 U.S.C. § 1915A. As a result of the undersigned's review of petitioner's complaint, it is recommended that this action be dismissed, prior to service of process, for failure to state a claim pursuant to 28 U.S.C. § 1915A, and, alternatively, as frivolous.

## PROCEDURAL BACKGROUND

Crosby is no stranger to this Court, having previously filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, attacking his 2003 murder conviction and resulting 35-year sentence, *see Crosby v. Cooke,* CA 04-0023-KD-B, and several actions in accordance with 42 U.S.C. § 1983, *see, e.g., Crosby v. State of Alabama,* CA 03-0042-CG-L. In the instant self-styled petition for writ for order to show cause, Crosby explicitly eschews

§ 1983 (*see* Doc. 1, at 4 ("This is not a § 1983 or 1985[.]")) and makes no mention of 28 U.S.C. § 2254[1] (*see id.* at 1-7). Instead, Crosby contends that this Court may exercise federal question jurisdiction, 28 U.S.C. § 1331; jurisdiction in accordance with 28 U.S.C. § 1343(a)(3); and, finally, jurisdiction in accordance with 28 U.S.C. §§ 1651 and 1652. (*Id.* at 3.)

Crosby's "factual allegations" establish that, on or about December 21, 2015, he filed a petition in the Alabama Court of Civil Appeals, putatively in accordance with Rule 57 of the Federal Rules of Civil Procedure, seeking to enjoin the Circuit Court of Mobile County and the Attorney General of the State of Alabama in some respect with respect to his underlying murder conviction. (*See id.* at 3 & 4.) According to Crosby, instead of "keeping" his Rule 57 briefs and ruling on same, the Clerk of the Alabama Court of Civil Appeals improperly transferred his case to the Alabama Supreme Court—on the basis that it lacked subject matter jurisdiction (*compare id.* at 4 *with* Doc. 1, Appendix 1)—and the Clerk of the Supreme Court of Alabama then, two days later, exceeded its authority/jurisdiction in striking his petition for injunctive relief as prematurely filed (*compare* Doc. 1, at 5 *with* Doc. 1, Appendix B, December 23, 2015 ORDER).[2] Crosby's extremely confused and confusing "factual allegations" otherwise read, in relevant part, as follows:

---

[1] Though Crosby nowhere mentions 28 U.S.C. § 2254, the undersigned certainly understands why the Clerk's Office would docket his complaint as one pursuant to § 2254 given that he titles his pleading "Petition for Writ for Order [to] Show Cause" (*see* Doc. 1, at 1) and makes mention of the case number attached to his murder conviction out of the Circuit Court of Mobile County, Alabama (*id.,* at 2 (citation to CC-02-736.60)).

[2] The Clerk of the Alabama Supreme Court explained to Crosby, in no small detail, the reasons for her actions, in a letter dated December 23, 2015. (Doc. 1, Appendix B, December 23, 2015 Letter to Crosby.)

(Continued)

2

(4) Just to ask the "State" civil appellate court for "Show Cause Order" of exercise of authority-of subject matter of Clerk[]s of State of Alabama courts of their actions. And Attorney General of State of Alabama legal question of Crosby rights of the declaratory, in regards of magnitude and nature of the State of Alabama's exercise of authority and Crosby rights—to access the courts! This is not a § 1983 or 1985—yet claims not barred by Teague vs Lane, 489 U.S. 288 (1989).

(5)  Because the State of Alabama place certain kinds of primary, private conduct beyond the power of the criminal law—making authority upon Crosby to proscribe as punishments, where federal laws were clearly established, where jurisdiction is power to declare the "law," and the Fed.R.Civ.P. 57 was for that to see! See: Ex parte McCardle, 74 U.S. (7 Wall) 506, 514 (1868). With respect to mere formalities does not relieve the State of Alabama of jurisdictional requirements!

(6)  The declaratory judgment is not for an unspecified nature, it challenges Crosby rights as to the State of Alabama's subject matter—based on the allegations to decide the claims against the State of Alabama, founded upon the federal constitution, acts of Congress, within the Civil Rule 57.

(7) Crosby has a substantial liberty in this cause, which provides for the right to demand a change in government policies, and to petition the

---

We are in receipt of your request for "Injunctive Relief and Declaratory Judgment" originally filed in the Court of Civil Appeals on December 21, 2015. This is a Court of limited jurisdiction and in order to obtain jurisdiction, you must provide this Court with a final order to address. In criminal matters, you must first appeal to the Court of Criminal Appeals.

A review of your available case history indicates you filed a Rule 32 Petition in case CC-02-736.60 which was appealed to the Court of Criminal Appeals in case CR-08-1441. The Court of Criminal Appeals issued a final certificate of judgment in CR-08-1441 on September 25, 2009. Therefore, any attempt to appeal that judgment is time barred.

Your available case history also indicates you filed a second Rule 32 Petition in case CC-02-736.61 which is still pending in the Mobile Circuit Court. Until a final ruling is entered on that petition, there is no order to appeal to this Court or to the Court of Criminal or Civil Appeals. As such, your filing is being stricken as premature and returned to you.

No further action can be taken at this time.

(*Id.*)

government for a redress of grievances, in which is in Crosby Fed.Civ.R.P. 57 is to find out determination that involves apply the substantive federal law and federal constitution to the federal substantive facts. But without Rule 12(b)(1) by the State of Alabama Civil Judge[]s, the "Clerks" of both Appeal-Civil and Supreme Courts[-]exceeded their jurisdiction: even if aware of the existence of Crosby postconviction filed in Circuit Court of Mobile. A supervisor court must act civil or criminal. . . .

(8)  The procedural Civil Rule 57 declaratory judgment was intended to reach the facts of the particular case, filed in Circuit Court, postconviction. Where Crosby clearly has an interest on basis of fundamental miscarriage of justice, even if there is another adequate remedy does not preclude a judgment for declaratory relief, in which would terminate the controversy of Crosby rights, privilege of status in which such legal interest depend.

(9)  The record by the Clerks is devoid of any final judgment in which Crosby can appeal, or file a writ of certiorari. Clerks took matters into their own hands without facial subject matter jurisdiction. Violated Crosby of enumerated rights[,] see 9th Amend, U.S.C.[,] 1st Amend U.S.C.[,] Art IV § 2 U.S.C.[,] 14th Amend U.S.C.[,] due process of law of procedures, under color of law without authority.

(10) If "Nisi" was issued that would also have to be issued by a Judge of a Court which has jurisdiction, that subject matter jurisdiction, would have to be signed off by a judge! . . .

(*Id.* at 4-6.)  Based on the foregoing "factual allegations," Crosby requests that this Court issue a "Show Cause Order" to Alabama's Attorney General and, more importantly, the Clerks of the Alabama Supreme Court and the Alabama Court of Civil Appeals, who "devised [a] policy that cause[d] Crosby a federal constitutional violation[] to access the state court—civil—for declaratory judgment under Fed.Civ.R.Pro.57." (*Id.* at 7; *see also id.* (citing to 42 U.S.C. § 1988(b) and requesting an award of attorney's fees and costs).)

## DISCUSSION

### A.   Screening Pursuant to 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or officer to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim upon

which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald,* 541 F.3d 1091, 1100 (11th Cir. 2008), quoting *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1831-1832, 104 L.Ed.2d 338 (1989); *see also Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (finding an action frivolous when the district court concludes that it has "little or no chance of success," because, based on the face of the complaint, the legal theories are "indisputably meritless," or the factual allegations are "clearly baseless,"—that is, the complaint "lacks an arguable basis either in law or in fact"), *cert. denied,* 510 U.S. 893, 114 S.Ct. 254, 126 L.Ed.2d 206 (1993) ; *see Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.) (a case is frivolous when it appears the plaintiff has little or no chance of success), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Clark v. State of Georgia Pardons & Paroles Bd.,* 915 F.2d 636, 639 (11th Cir. 1990) ("A lawsuit is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'") (quotation omitted)). A complaint fails to state a claim when it does not include enough factual matter—taken as true—to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). To avoid dismissal for failure to state a claim, the allegations must show plausibility. *Id.* at 557, 127 S.Ct. at 1966. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above

the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements. *Id.; Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

When considering a *pro se* litigant's allegations, the court holds them to a more lenient standard than those of an attorney, *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 791, 710 (11th Cir. 2010) (relying on *Ashcroft v. Iqbal*, 566 U.S. 662 (2009)). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989).

    **B.**    <u>**Denial of Access to the Courts**</u>.  Despite Crosby's insistence that this action is not a § 1983 action (Doc. 1, at 4 ("This is not a § 1983[.]")), his position is belied by the characterization of his claim as a denial of access to the state courts of Alabama (*id.* at 7 (alleging that his constitutional rights were violated when the clerks of court denied him access to the Alabama Court of Civil Appeals for a decision regarding his request for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure)), a decidedly § 1983 claim, *compare Bounds v. Smith*, 430 U.S. 817, 817 & 821, 97 S.Ct. 1491, 1493 & 1494, 52 L.Ed.2d 72 (1977) (Supreme Court's recognition in suit filed by prisoners

under 42 U.S.C. § 1983 that "[i]t is now established beyond doubt that prisoners have a constitutional right of access to the courts.") *with Wells v. Attorney General, State of Florida*, 470 Fed.Appx. 754, 755 (11th Cir. Apr. 16, 2012)[3] ("A prisoner convicted and sentenced under state law may seek federal relief in two primary ways: (1) a petition for habeas corpus, 28 U.S.C. § 2254,[4] or (2) a complaint under 42 U.S.C. § 1983. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006)." (footnote added)).[5] Thus, the undersigned considers plaintiff's denial of access to courts claim as arising under 42 U.S.C. § 1983.

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

[4] Crosby makes no mention of 28 U.S.C. § 2254 in his complaint (*see* Doc. 1, at 1-7), and while the undersigned again understands why the Clerk's Office docketed the complaint as a habeas petition (particularly given the manner in which Crosby titled the pleading), it is now clear to the undersigned that this action is not one pursuant to § 2254. This is not solely because of Crosby's recognition in his complaint that presently pending in the Circuit Court of Mobile County, Alabama is his "second" Rule 32 petition (*compare* Doc. 1, at 5-6 *with* Doc. 1, Appendix B, December 23, 2015 Letter ("[Y]ou filed a second Rule 32 Petition in case CC-02-736.61 which is still pending in the Mobile Circuit Court.")) but, as well, because Crosby undoubtedly recognizes that since he has previously filed a habeas corpus petition in this Court attacking his murder conviction and sentence, *see Crosby v. Cooke, supra*, "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, [he must] move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). In other words, "the petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Department of Corrections*, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied sub nom. Tompkins v. McNeil*, 555 U.S. 1161, 129 S.Ct. 1305, 173 L.Ed.2d 483 (2009). Here, of course, petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a second federal habeas petition because he recognizes that he must first await a ruling on his second Rule 32 petition pending before the Mobile County Circuit Court, and then exhaust his Rule 32 claims in the state courts of Alabama, before repairing to the federal courts for habeas relief in accordance with § 2254; thus, the present pleading has not been filed in accordance with 28 U.S.C. § 2254.

[5] To the extent Crosby would continue to insist that his claim is not one which falls within the purview of 42 U.S.C. § 1983, the undersigned would simply recommend that this (Continued)

Court find it lacks subject matter jurisdiction to consider whatever claim Crosby purports to raise, given that it is clear that his complaint has not been filed in accordance with 28 U.S.C. § 2254.

"[F]ederal courts are duty bound to consider their subject matter jurisdiction *sua sponte*[,]" *Burr & Forman v. Blair,* 470 F.3d 1019, 1035 n.38 (11th Cir. 2006), and must *sua sponte* dismiss a complaint upon determining that subject matter jurisdiction is lacking, *see Jackson v. Farmers Ins. Group/Fire Ins. Exchange,* 391 Fed.Appx. 854, 856 (11th Cir. Aug. 12, 2010).

> "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."

*Cotton v. Burgess,* 188 Fed.Appx. 964, 965 (11th Cir. Jul. 12, 2006), quoting *Baltin v. Alaron Trading Corp.,* 128 F.3d 1466, 1469 (11th Cir. 1997).

In this case, Crosby insists that this Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. §§ 1651 & 1652. (*See* Doc. 1, at 3.) However, § 1652 has no import with respect to this Court's subject matter jurisdiction, *see id.* ("The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."), and the All Writs Act, 28 U.S.C. § 1651(a) "does not create any substantive federal jurisdiction; 'rather, it empowers a federal court—in a case in which it is already exercising subject matter jurisdiction—to enter such orders as are necessary to aid it in the exercise of such jurisdiction.'" *Morales v. Florida Dept. of Corrections,* 346 Fed.Appx. 539, 540 (11th Cir. Sept. 29, 2009) (quoting *In re Hill,* 437 F.3d 1080, 1083 (11th Cir. 2006)), *cert. denied sub nom. Morales v. McNeil,* 562 U.S. 866, 131 S.Ct. 156, 178 L.Ed.2d 94 (2010). Accordingly, this Court must look to 28 U.S.C. §§ 1331 and 1343(a)(3) to see if it can exercise subject matter jurisdiction.

The Supreme Court, of course, long ago recognized that § 1343(a)(3) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.]") "is the jurisdictional counterpart of" § 1983. *Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 615, 99 S.Ct. 1905, 1915, 60 L.Ed.2d 508 (1979). Thus, given Crosby's apparent insistence that this is not a § 1983 action, § 1343(a)(3) would provide no jurisdictional basis for this action. Finally, 28 U.S.C. § 1331 specifically provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* However, "'[i]f jurisdiction is based on the existence of a federal question, the jurisdictional allegation should state that the action arises under a particular statute or provision of the Constitution and the body of the complaint must state facts showing that the case does in fact arise under federal law.'" *Hines v. Reed,* 170 F.Supp.2d 1200, 1203 (S.D. Ala. 2001), quoting *Kirkland Masonry, Inc. v. Commissioner Internal Revenue,* 614 F.2d 532, 533 (5th Cir. 1980) (other citations omitted). Here, Crosby's jurisdictional allegation does not identify the particular statute or provision of the Constitution under which his case arises (*see* Doc. 1, at 3) and, therefore, any continued insistence (Continued)

"In order to state a claim that his right of access to the courts was violated, a plaintiff must first state an actual injury." *Bryant v. Ruvin,* 477 Fed.Appx. 605, 606-607 (11th Cir. May 18, 2012), citing *Cunningham v. District Attorney's Office for Escambia County,* 592 F.3d 1237, 1271 (11th Cir. 2010).

> To state an actual injury, the plaintiff must allege that he had a cause of action that he could not vindicate because of the defendants' actions, and he must describe that underlying cause of action in his complaint. The allegations about the underlying cause of action must be specific enough to give fair notice to the defendants and must be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope.

*Bryant, supra,* 477 Fed.Appx. at 607 (internal citations and quotation marks omitted).

The alleged underlying cause of action for Crosby's access to the courts claim is not his second Rule 32 petition challenging the validity of his 2003 murder conviction, inasmuch as—by his own admission—that action remains pending in the Circuit Court of Mobile County, Alabama (Doc. 1, at 5-7)[6]; instead, the underlying cause of action is

---

by Crosby that this is not a § 1983 action would foreclose subject matter jurisdiction in this Court, *compare Wells, supra,* 470 Fed.Appx. at 755 (recognizing that one of the primary ways a prisoner convicted and sentenced under state law may seek relief is by filing a complaint under 42 U.S.C. § 1983) *with Hines, supra,* 170 F.Supp.2d at 1204 (recognizing that 42 U.S.C. § 1983 provides a basis for a federal district court to exercise subject matter jurisdiction and that "[i]n order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: '(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" (citation omitted)) and *Cooks v. Cox,* 2008 WL 5245774, *4 (S.D. Ga. Dec. 16, 2008) ("This Court derives its authority to decide Plaintiff's §§ 1983 and 1985 federal claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions 'arising under the Constitution, laws, or treaties of the United States.'" (citation omitted)).

[6] This fact alone refutes Crosby's suggestion that the Clerks of the Alabama Court of Civil Appeals and the Alabama Supreme Court have violated his right of access to the courts. Moreover, this Court would simply note that it is not in the business of telling state courts what their internal rules and procedures mean and how they should be applied particularly where, as here, the Clerk of the Alabama Supreme Court explained to Crosby in plain language that Alabama's high court only acts on the basis of an appeal of an order or judgment entered by a lower court and since no such order or judgment existed his pleading was stricken as premature.

his Federal Rule of Civil Procedure 57 petition for "Injunctive Relief and Declaratory Judgment" initially filed in the Alabama Court of Civil Appeals on December 21, 2015 (*compare* Doc. 1, at 3-7 *with* Doc. 1, Appendix B, December 23, 2015 Letter). As was the case in *Bryant, supra,* here Crosby's complaint and the exhibits attached thereto do not explain the basis for this Fed.R.Civ.P. 57 petition "in a way that gives fair notice to the defendants in this case or that allows" this Court "to determine whether that claim was frivolous." 477 Fed.Appx. at 607. That Crosby has shown no actual injury is clear because none of the defendants took any action which forecloses Crosby's ability to file a request for injunctive relief and declaratory judgment at the appropriate time, *cf. Hall v. Secretary for the Dep't of Corrections*, 304 Fed.Appx. 848, 850 (11th Cir. Dec. 24, 2008) ("In order to show actual injury, a plaintiff must show 'deterrence, such as **denial or dismissal** of a direct appeal, habeas petition, or civil rights case that results from actions of [] officials.'" (emphasis supplied; citation omitted)), *cert. denied,* 556 U.S. 1261, 129 S.Ct. 2440, 174 L.Ed.2d 233 (2009); instead, the Clerk of the Alabama Supreme Court merely struck Crosby's pleading as prematurely filed.[7] Crosby's inability to show an actual injury means that this Court must dismiss his complaint, in accordance with §

---

[7] Moreover, the undersigned would even dare to go further and opine that the arguable nature of the underlying claim is nothing more than hope given that "the Federal Rules of Civil Procedure do not create independently enforceable rights upon which [a plaintiff] may sue." *State Police for Automatic Retirement Ass'n v. Difava,* 164 F.Supp.2d 141, 156 (D. Mass. 2001), *judgment aff'd,* 317 F.3d 6 (1st Cir. 2003); *see also Wells Fargo v. Cyrus,* 2010 WL 3294320, *5 (N.D. Ga. Jul. 15, 2012) (collecting cases and determining that "[a]s a rule of federal procedure, FED.R.CIV.P. 60 does not provide any substantive rights. It is merely a procedural rule, so Plaintiff's lawsuit could not arise under Rule 60."), *report & recommendation adopted,* 2010 WL 3294314 (N.D. Ga. Aug. 20, 2010).

1915A(b)(1), for failure to state a claim for violation of his right to access to the courts. *See id.*[8]

## CONCLUSION

Based on the foregoing, the undersigned recommends that the Court dismiss this action, prior to service, for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and, alternatively, as frivolous in accordance with this same statutory subsection.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based

---

[8] Alternatively, the undersigned would note that Crosby's sole request that this Court enter a show cause order to the defendants respecting the "policy that cause Crosby a federal constitutional violation, to access the state court-civil-for declaratory judgment under Fed.Civ.R.Pro.57[]" (Doc. 1, at 7) amounts to a request that this Court issue a writ of mandamus directing the defendants—and, by extension, Alabama's appellate courts—to immediately entertain his petition for injunctive relief and declaratory judgment. *See Schmidt v. Florida First District Court of Appeal,* 2014 WL 7428856, * 4 (N.D. Fla. Dec. 31, 2014), *aff'd,* 2016 WL 360748 (11th Cir. Jan. 29, 2016). And because this Court lacks jurisdiction to compel action from the Clerks of the Alabama Supreme Court and the Alabama Court of Civil Appeals, as Crosby requests, *see Lawrence v. Miami-Dade County State Attorney Office,* 272 Fed.Appx. 781, 781 (11th Cir. Apr. 2, 2008) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lack jurisdiction to grant relief and did not err in dismissing the petition."), Crosby's complaint must be dismissed as frivolous, *see Bailey v. Silberman,* 226 Fed.Appx. 922, 924 (11th Cir. Apr. 2, 2007) (finding Bailey's complaint properly dismissed as frivolous where district court lacked jurisdiction to grant the relief requested—a writ of mandamus directing a state court and its judicial officers in the performance of their duties).

on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 29th day of April, 2016.

                                  s/WILLIAM E. CASSADY
                                  **UNITED STATES MAGISTRATE JUDGE**